UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   v.                                    Case No. 10-CR-62

**JOSEPH MILLER**
        **Defendant.**

## ORDER

Defendant Joseph Miller pleaded guilty to conspiracy to distribute 100 grams or more of heroin, 21 U.S.C. §§ 841(a)(1), (b)(1)(B) & 846, and at his November 8, 2010, sentencing hearing I adopted a guideline range of 188-235 months under the career offender provision, U.S.S.G. § 4B1.1. The government moved for a departure under U.S.S.G. § 5K1.1 (but not 18 U.S.C. § 3553(e)), and I imposed a sentence of 120 months, the statutory mandatory minimum,[1] adjusted by 11 months to account for time served on a state sentence, running concurrently with the balance of that sentence.

On May 31, 2016, defendant filed a pro se request for a 2 point reduction. Presumably, defendant seeks this reduction pursuant to 18 U.S.C. § 3582(c)(2) and guideline Amendment 782. Under § 3582(c)(2), the court may reduce the prison term of a defendant sentenced based on a guideline range subsequently lowered by the Sentencing Commission. Amendment 782 generally lowers offense levels in drug trafficking cases by 2, see U.S.S.G. § 2D1.1(c), and the Commission made this Amendment retroactive effective November 1,

---

[1] In the plea agreement, the parties agreed that the offense involved at least 1 kilogram of heroin, triggering a 10 year minimum. (Plea Agreement [R. 81] at 3 ¶ 9.)

2015. U.S.S.G. § 1B1.10(d) & (e).

Defendant is ineligible for a reduction because Amendment 782 does not have the effect of lowering his applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). His range was based on the career offender provision, not the drug trafficking guideline, and is thus unaffected by Amendment 782. Further reduction of his sentence is also blocked by the mandatory minimum. See U.S.S.G. § 1B1.10 cmt. n.1(A). The government filed a motion under U.S.S.G. § 5K1.1, but not 18 U.S.C. § 3553(e), so the court did not have authority to impose a sentence below the minimum. See U.S.C. § 1B1.10(c).[2]

**THEREFORE, IT IS ORDERED** that defendant's request (R. 285) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of June, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[2]Federal Defender Services of Wisconsin, appointed to represent defendants serving sentences who might be eligible for relief under Amendment 782, reviewed the case and declined to file anything on the defendant's behalf. (R. 286.)

2